FILED
2017 Mar-24  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| LOYD WATKINS,                                           ) | |
|                                                         ) | |
|        PLAINTIFF,    ) | |
|                                                         ) | |
|    v.                                    ) | Civil Action No. |
|                                                         ) | |
| GOODYEAR PENSION PLAN,                                  ) | |
|                                                         ) | |
|        DEFENDANT.    ) | |
|                                                         ) | |
| _____ ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446, Defendant the Goodyear Pension Plan (the "Plan") hereby invokes this Court's jurisdiction under 28 U.S.C. §§1331 and 1441, and avers the following in support of its removal of this action to this Court:

1.     Plaintiff commenced this action on February 20, 2017 in the Circuit Court of Etowah County, Alabama, Case No. 31-CV-2017-900144.00 (the "State Action").

2.     Plaintiff served the Plan with the Summons and Complaint in the State Action, via certified mail, on February 27, 2017.  A true and correct copy of all documents served by Plaintiff on the Plan in the State Action (i.e., the Summons and Complaint) are attached as Exhibit A.  The Plan has not made any appearance or served its answer or any other response to the Complaint in the State Action.

3.     This Notice of Removal has been filed with this Court within thirty (30) days after the Plan, the sole defendant in the State Action, was served with the Summons and Complaint in the State Action.

4.     This action is being removed to this Court pursuant to 28 U.S.C. §1331 because the claims asserted in the Complaint arise under United States law—more specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

5.     ERISA applies to any "employee benefit plan" established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. §1003.  An "employee benefit plan" is defined as a "welfare plan" or a "pension plan".  29 U.S.C. §1002(1)-(3).  A "pension plan" is a plan established or maintained by an employer that by its terms provides retirement income to employees.    29 U.S.C. §1002(2)(A)(i).

6.     Through the State Action, Plaintiff is seeking to have a court interpret the Plan's terms and declare his rights in relation to the Plan.  Plaintiff participated in the Plan by virtue of his employment with The Goodyear Tire & Rubber Company and his retirement from that employment. (*See* Complaint at ¶¶1-2). Because the Plan is a "pension plan", as that term is defined in ERISA, 29 U.S.C. §1002(2)(A)(i), this action is governed by ERISA.  Recognizing that is the case,

Plaintiff expressly avers in the Complaint that "[t]he complaint is governed by ERISA 29 U.S.C. §1132." (Complaint at ¶16).

7.    Plaintiff's express reliance on ERISA in the Complaint as the sole basis for this action is sufficient to establish that this Court has federal question jurisdiction over the Complaint.

8.    Alternatively, if the Court were to conclude that the Plaintiff's claim for interpretation of the Plan was based on Alabama law, Plaintiff's Complaint would be completely preempted and "re-characterized" as a federal claim arising under ERISA given that ERISA completely preempts every state law cause of action that seeks relief that is provided for under ERISA's civil enforcement scheme. *See* 29 U.S.C. §1132(a)(1)(B) & 29 U.S.C. ¶1144(a). *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211–12 (11th Cir.1999); *Lawrence v. Nation*, 192 F. Supp. 3d 1260, 1264 (M.D. Ala. 2016). Here, ERISA provides Plaintiff with a cause of action to enforce his rights under the Plan's terms and to clarify his right to future benefits under the Plan's terms, both of which he apparently seeks to do in the State Action. *See* 29 U.S.C. §1132(a)(1)(B). Thus, the Complaint is completely preempted by ERISA and is removable to this Court.

9.     Based on the above, the Plan's removal of the State Action to this Court is proper pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e).

10.     The Plan submits this Notice of Removal without waiving any defenses to the claims being asserted by Plaintiff and without conceding that Plaintiff has pled claims upon which relief can be granted against it.

11.     The Circuit Court of Etowah County, Alabama, the court from which the State Action is being removed, is within this Court's district and division.

12.     A copy of this Notice of Removal will be filed promptly with the Circuit Court of Etowah County, Alabama, as required by 28 U.S.C. §1446(d).

13.     By copy of this document and in accordance with the Certificate of Service, the Plan is providing notice of its filing of this Notice of Removal in the State Action to Plaintiff (the only other party to that action), as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant Goodyear Pension Plan gives this Court and Plaintiff notice that the State Action has been removed to this Court.

Respectfully submitted,

By:___/s/ Wesley C. Redmond_____
Wesley C. Redmond
**FORDHARRISON LLP**
2100A Southbridge Parkway, Suite 650
Birmingham, AL 35209
Telephone: (205) 244-5905
Facsimile: (205) 244-5901
Email:        wredmond@fordharrison.com

and

Daniel L. Bell (Ohio Bar# 0046879)*
Daniel L. Bell Co., LPA
1799 Akron-Peninsula Road
Suite 228
Akron, Ohio  44313
Ph:  (330) 696-8898
Fax:  (330) 696-8898
Email:  Daniel.bell@dbell-law.com

*Pro Hac Vice* Application to be Filed

COUNSEL FOR DEFENDANT

This the 24th day of March, 2017.

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, I filed the foregoing Notice of Removal with the Clerk of the Court and served copies of same via the United States Postal Service, postage prepaid and properly addressed, upon the following:

Myron K. Allenstein
Rose Marie Allenstein
Allenstein & Allenstein, LLC
141 South 9th St.
Gadsden, AL 35901
(256) 546-6314
(256) 547-7648 (fax)
myron@allenstein.com
rose@allenstein.com


By:   /s/ Wesley C. Redmond_____
            Counsel for Defendant