FILED
2017 Mar-24 PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



AlaFile E-Notice

31-CV-2017-900144.00

To: GOODYEAR PENSION PLAN
200 INNOVATION WAY
AKRON, OH, 44316

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

LOYD WATKINS V. GOODYEAR PENSION PLAN
31-CV-2017-900144.00

The following complaint was FILED on 2/20/2017 2:06:07 PM

Notice Date:    2/20/2017 2:06:07 PM

CASSANDRA JOHNSON
CIRCUIT COURT CLERK
ETOWAH COUNTY, ALABAMA
801 FORREST AVENUE
SUITE 202
GADSDEN, AL, 35901

256-549-2150

EXHIBIT A

| State of Alabama Unified Judicial System  Form C-34  Rev 6/88 | SUMMONS - CIVIL - | Case Number: 31-CV-2017-900144.00 |
|---|---|---|

IN THE CIRCUIT COURT OF ETOWAH COUNTY
LOYD WATKINS V. GOODYEAR PENSION PLAN

NOTICE TO: GOODYEAR PENSION PLAN, 200 INNOVATION WAY, AKRON, OH 44316

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MYRON KAY ALLENSTEIN
WHOSE ADDRESS IS 141 S. 9TH STREET, GADSDEN, AL 35901

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of LOYD WATKINS pursuant to the Alabama Rules of the Civil Procedure

Date 2/20/2017 2:06:07 PM    /s/ CASSANDRA JOHNSON
Clerk/Register
801 FORREST AVENUE
SUITE 202
GADSDEN, AL 35901

☑ Certified Mail is hereby requested    /s/ MYRON KAY ALLENSTEIN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

| Date | Server's Signature | Address of Server |
| Type of Server | Server's Printed Name | |
| | | Phone Number of Server |

ELECTRONICALLY FILED
2/20/2017 2:05 PM
31-CV-2017-900144.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>31<br>Date of Filing:<br>02/20/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA
### LOYD WATKINS v. GOODYEAR PENSION PLAN

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES  ☑ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** ALL016

Date: 2/20/2017 2:05:57 PM

/s/ MYRON KAY ALLENSTEIN
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

Case 4:17-cv-00461-VEH   Document 1-1   Filed 03/24/17   Page 4 of 7

ELECTRONICALLY FILED
2/20/2017 2:05 PM
31-CV-2017-900144.00
CIRCUIT COURT OF
ETOWAH COUNTY, ALABAMA
CASSANDRA JOHNSON, CLERK

IN THE CIRCUIT COURT OF ETOWAH COUNTY, ALABAMA

| | |
|---|---|
| LOYD WATKINS, | * |
| Plaintiff, | * |
| v. | *   Case Number: CV-16-_____ |
| GOODYEAR PENSION PLAN, | * |
| Defendant | * |

## **COMPLAINT FOR EQUITABLE RELIEF**

1. Loyd Watkins, age 85, is a 33 year employee of Goodyear who retired on 6/18/97.

2. Plaintiff is covered by the Goodyear Pension Plan and receives a monthly pension.

3. When Plaintiff retired from Goodyear, he applied for a pension and listed his wife, Inez Watkins as a contingent beneficiary and selected Option B the 50% Joint Survivor Option which states:

"Option B (50%)
(1) While I am living, the first 60 monthly payments shall be paid to me and each such payment shall be equal to the amount payable as if this option had not been elected. Should my death occur before the five 60 monthly payments have been made, the balance of such payments in the same amount shall be paid to my spouse.

(2) After the first 60 monthly pension payments have been made, a reduced monthly pension shall be payable to me for life.

(3) After my death, (but only if my death occurs after the Option becomes effective) my spouse, as Contingent Annuitant, shall receive monthly payment in an amount equal to one-half of such reduced amount as would have been paid to me had I been then living, with such payment to continue during the lifetime of my spouse.

(4) If both my Contingent Annuitant and I die before a total of the first 60 monthly payments have been made, payments shall continue to be made to the estate of the survivor of my Contingent Annuitant

and me until a total of such 60 monthly payments have been made to me, my Contingent Annuitant and such estate."

4. Option B made no provision for the wife dying first.

5. Inez Watkins, Plaintiff's second wife, died on 8/21/14.

6. Loyd Watkins married Bobbie Watkins on 5/25/15.

7. Loyd Watkins attempted to add Bobbie Watkins as his contingent beneficiary on his pension plan.

8. Defendant denied claiming that an alternate beneficiary was not allowed.

9. Loyd Watkins filed an administrative appeal.

10. On 3/4/16, the Benefit Review Committee on behalf of Defendant denied the appeal citing Article V, Section 2(c) of the 2013-2017 Pension:

> "The Committee determined that after the death of your spouse, Inez Watkins, no survivor pension benefit is payable to your current spouse, Bobbie, because you were not married to Bobbie on July 1, 1991 when your pension payment commenced.
>
> Exhibit A – **1950 Pension Plan, Article V, section 2(c)**, states 'Upon the Employee's death after his reduced pension has commenced or, if earlier, (i) after he has attained normal retirement age but before his retirement from the service of his Employer, or (ii) after his retirement under conditions entitling him to a pension under Paragraph 1 of Article III, his retirement after attainment of age 55 under conditions entitled him to a pension under Paragraph 1 of Article III, his retirement after attainment of age 55 under conditions entitling him to a pension under Paragraph 3 of Article III or his termination of employment after attainment of age 55 under conditions entitled him to a pension under Paragraph 2 of Article III, monthly payments equal to one-half of the Employee's reduced pension shall be continued to his surviving spouse for the life of such surviving spouse; <u>provided, that the Employee and such surviving spouse were married throughout the one year period ending on the date of his death and were married on the date his pension payments commenced</u>."

11. On 12/16/16, The Pension Board denied a second administrative appeal citing the same provision.

12. As a result of choosing Option B, Loyd Watkins' pension was reduced $136/month for life and remains at a reduced level, even though the contingent beneficiary did and the provision is not available to his current wife.

13. There is a conflict between Option B, as signed by Loyd Watkins, and the Article V, Section 2(c) of the 2013-2017 Pension Plan.

14. Since Option B included no provision for the spouse dying before the employee, Plaintiff should be entitled either to full pension or entitled to add his current spouse as a contingent beneficiary on his pension plan.

15. Loyd Watkins reasonably relied on the wording of Option B as presented to him at retirement.

16. The complaint is governed by ERISA 29 U.S.C. §1132.

WHEREFORE, Plaintiff prays for equitable relief of either Loyd Watkins receiving his full pension after the death of his first wife, Inez Watkins, or alternatively allowing Loyd Watkins' current wife to be the contingent beneficiary as requested by plaintiff.

*/s/ Myron Allenstein*

MYRON K. ALLENSTEIN (ALL016)
ROSE MARIE ALLENSTEIN (ALL060)
ALLENSTEIN & ALLENSTEIN, LLC
Attorneys for Plaintiff
141 South 9th Street
Gadsden, AL  35901
(256) 546-6314
(256) 547-7648 (fax)
myron@allenstein.com
rose@allenstein.com

*Cassandra "Sam" Johnson*
Etowah County Circuit Clerk
801 Forrest Ave., Suite 202
Gadsden, AL 35901 b



CERTIFIED MAIL®

7016 2140 0000 5332 0743

NEOPOST
02/21/2017
US POSTAGE $006.77⁰

ZIP 35901
041M11279753

Lisa

44316-